# EXHIBIT A



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Massachusetts Mutual Life Insurance Company                    December 12, 2019
Jennifer Antaya Senior Paralegal
MassMutual - Massachusetts Mutual Life Insurance Company
1295 State Street
Springfield MA 01111

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2019-428

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be
directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT:
All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to
SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | Massachusetts Mutual Life Insurance Company |
|---|---|---|
| 2. | **Title of Action:** | Richard C. Brenke vs. Massachusetts Mutual Life Insurance Company, et al. |
| 3. | **Document(s) Served:** | Complaint<br>Certificate of Compulsory Arbitration<br>Plaintiff's Certificate Re: Expert Opinions Pursuant to A.R.S. §12-2602<br>Demand for Jury Trial |
| 4. | **Court/Agency:** | Maricopa County Superior Court |
| 5. | **State Served:** | Arizona |
| 6. | **Case Number:** | CV 2019-056962 |
| 7. | **Case Type:** | Breach of Contract |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Wednesday 12/11/2019 |
| 10. | **Date to Client:** | Thursday 12/12/2019 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | David S. Shughart<br>Phoenix, AZ<br>602-957-0516 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 031 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date.<br>Also, Note that there was no Summons enclosed with this Service of Process. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal
counsel are solely responsible for reviewing the accuracy of the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems
that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default
judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service
of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate
Creations Network Inc.

COPY

NOV 2 0 2019

CLERK OF THE SUPERIOR COURT
S. VEGA
DEPUTY CLERK

1  David S. Shughart, State Bar No. 015299
2  BEALE MICHEAELS SLACK & SHUGHART, PC
   7012 N. 18th Street
3  Phoenix, AZ 85020
4  (602) 957-0516
   dshughart@bmsslaw.com
5
6  Steven S. Guy, State Bar No. 009106
   THE GUY LAW FIRM, PLLC
7  10105 E. Via Linda, Suite 103
   Scottsdale, Arizona 85258
8  (480) 767-3175
9  steve@steveguylaw.com
   Attorneys for Plaintiff
10

STATE OF ARIZONA
DEPT. OF INSURANCE

DEC 05 2019

TIME_____ AM
SERVICE OF PROCESS

11          SUPERIOR COURT OF THE STATE OF ARIZONA

12               COUNTY OF MARICOPA

13  Richard C. Brenke, an Arizona resident,       )
                                                   )  No. CV 2019-056962
14          Plaintiff,                             )
                                                   )
15      vs.                                        )
                                                   )       COMPLAINT
16                                                 )
17  Massachusetts Mutual Life Insurance           )   (Tort: Non-Motor Vehicle)
    Company, a Massachusetts corporation;         )
18  Treloar & Heisel, Inc., a Pennsylvania        )  (Jury Trial Requested for All Counts)
    corporation; John A. Adcock and Jane Doe      )
19  Adcock, husband and wife, Illinois            )           (Tier 3)
    residents,                                    )
20                                                 )
21          Defendants.                            )
                                                   )
22  _____ )

23          Richard C. Brenke ("Plaintiff" or "Dr. Brenke") alleges as follows for his complaint

24  against Defendants Massachusetts Mutual Life Insurance Company, Treloar & Heisel, Inc.,

25  and John A. Adcock and Jane Doe Adcock:

26

## **Parties, Jurisdiction, and Venue**

1.     Plaintiff was a pediatric dentist and was and remains a citizen of Arizona at all times relevant hereto.

2.     Defendant Massachusetts Mutual Life Insurance Company ("Defendant MassMutual") is a Massachusetts corporation. At all times relevant hereto, Defendant MassMutual was and remains licensed and authorized to engage in the insurance business in Arizona and did engage in and conduct business within Arizona.

3.     Defendant Treloar & Heisel, Inc. ("Defendant TAH") is a Pennsylvania corporation. At all times relevant hereto, Defendant TAH was and remains licensed to engage in insurance business as an insurance agency in Arizona and did engage in and conduct insurance business within Arizona.

4.     Defendants John A. Adcock ("Defendant Adcock") and Jane Doe Adcock are citizens of Illinois, though they resided in Arizona at certain times relevant hereto. Acts complained of herein against Defendant Adcock were performed in Arizona and in furtherance of his marital community with Jane Doe Adcock, rendering the Adcock defendants liable for Defendant Adcock's conduct alleged herein.

5.     Defendant Adcock's conduct alleged herein was performed in the course and scope of his employment, agency, and ostensible agency relationship with Defendant TAH, rendering the latter jointly, severally, and vicariously liable for the former's alleged conduct under the legal principles of *respondeat superior* and vicarious liability.

2

6.     All Defendants have caused acts to occur in Arizona which give rise to Plaintiff's claims herein.

7.     Venue for this action is proper in Maricopa County.

8.     This Court has jurisdiction over this action and the parties to this action.

9.     The amount in controversy exceeds the minimum jurisdictional limit of this Court.

10.    This case qualifies as a Tier 3 case under A.R.C.P., Rule 26.2(b)(3).

11.    Plaintiff demands a jury trial as to all issues triable by a jury.

**Allegations Common to All Counts**

12.    Plaintiff worked as a pediatric dentist who regularly performed surgery, routine examinations and cleanings, other dental procedures, and certain administrative activities prior to becoming disabled.

13.    Plaintiff's pre-disability occupation was that of a pediatric dentist, and in that capacity he co-owned a business known as Richard C. Brenke, P.C., which did business as Kidz-R-Kool located at 7505 W. Deer Valley Road, Suite 110 in Peoria, Arizona.

14.    Richard C. Brenke, P.C. is jointly owned by Plaintiff and his wife, Celeste Brenke, as community property, with each spouse owning an undivided one-half interest in that company.

15.    Plaintiff applied for disability insurance prior to January 19, 2006 through insurance agent Kevin Zduriencik of Defendant TAH.

3

16.     Defendant MassMutual issued Plaintiff a disability insurance policy, designating it as Policy Number 8,467,365, on January 19, 2006.

17.     MassMutual Policy Number 8,467,365 ("Policy") was amended on various occasions prior to the time Plaintiff filed a disability insurance claim with MassMutual.

18.     Upon information and belief, the Policy's designated policy number remained the same at all times relevant hereto, notwithstanding changes and amendments to the Policy.

19.     Defendant Adcock of Defendant TAH assumed the role of and acted as Plaintiff's disability insurance agent after January 19, 2006, including at all times relative to the applications for changes and amendments to the Policy and prior to Plaintiff filing his claim for disability insurance benefits.

20.     At all times during Plaintiff's dealings with Defendant Adcock of Defendant TAH, Plaintiff relied upon the representations made by Defendant Adcock.

21.     Defendant Adcock represented to Plaintiff that he had "own occupation" disability insurance coverage when selling Plaintiff disability insurance.

22.     Plaintiff relied upon Defendant Adcock's representations that his disability insurance through Defendant MassMutual provided "own occupation" disability insurance coverage.

23.     Plaintiff specifically desired "own occupation" coverage because, through his training, education, and experience, he came to understand it was of paramount

4

importance for dentists to have "own occupation" disability insurance rather than other variations of disability insurance.

24.    Defendant Adcock acknowledged Plaintiff's desire to have "own occupation" disability coverage and caused Plaintiff to believe that he would be purchasing "own occupation" coverage.

25.    Based upon Defendant Adcock's assurances and representations, which Plaintiff detrimentally relied upon, Plaintiff reasonably expected he had "own occupation" disability coverage.

26.    Plaintiff reasonably expected the Policy would provide disability benefits if he was unable to perform the main duties of a pediatric dentist, and that such disability benefits would be paid even if he could somehow perform some of his pre-disability occupational duties and/or work at another occupation.

27.    Upon information and belief, Defendant MassMutual and other reputable disability insurers offered "own occupation" disability insurance coverage for qualifying pediatric dentists at all times Defendant Adcock procured changes and amendments to the Policy.

28.    Upon information and belief, Plaintiff would have qualified for "own occupation" disability insurance coverage through Defendant MassMutual and other reputable disability insurers at all times he purchased disability insurance through and from defendants.

5

29.     Plaintiff suffered substantial functional limitations in his cervical spine (neck) and lumbar spine that resulted in him filing a disability insurance claim ("Claim") under the Policy.

30.     Plaintiff filed his Claim under the Policy in 2014.

31.     Defendant MassMutual accepted Plaintiff's application for disability insurance benefits on or about February 19, 2014.

32.     Defendant MassMutual designated Plaintiff's Claim as Claim Number MMFG-14-00312-01-DI.

33.     Richard C. Brenke, PC hired another pediatric dentist, Dr. Robert Matthews, due to his disability.

34.     Dr. Mathews began working at Kidz-R-Kool on or about July 1, 2013.

35.     Prior to July 1, 2013, Plaintiff cared for and treated all patients at Kidz-R-Kool.

36.     After July 1, 2013, Dr. Matthews gradually assumed the dental care and treatment of patients at Kidz-R-Kool.

37.     Plaintiff and Dr. Matthews planned that Dr. Matthews would progressively take over all care and treatment of all patients at Kidz-R-Kool.

38.     Plaintiff loved the practice of pediatric dentistry, and only formulated the plan for Dr. Matthews to progressively take over all care and treatment of all patients at

6

Kidz-R-Kool because Plaintiff could no longer physically continue to care for and treat patients.

39. From at least July 1, 2013, Plaintiff could no longer physically continue to care for and treat patients on a full-time basis due to the condition of his cervical spine.

40. Upon information and belief, by approximately September 2014, Dr. Matthews provided the exclusive dental treatment for all patients at Kidz-R-Kool and Plaintiff did not provide any dental treatment for said patients.

41. Upon information and belief, at all times from July 1, 2013 until approximately September 2014, Plaintiff was disabled under the Policy because he was suffering from a current Disability, was not able to work full-time at his Occupation, had a Loss of Income of at least 20% of his Pre-Disability Income due to his Disability, and was under a Doctor's Care for his disabling cervical condition.

42. After Plaintiff completely stopped treating patients in any capacity in approximately September 2014, Plaintiff could no longer perform the main duties of his Occupation due to the condition of his cervical spine, did not work any further as a dentist or at any other occupation, and remained under the care of more than one doctor.

43. Defendant MassMutual delayed acknowledging coverage for the Claim until December 14, 2015, at which time claim representative Christina Mazur advised Plaintiff that Defendant MassMutual deemed Plaintiff totally disabled under the Policy, that the

7

Claim was compensable as such, and that Defendant MassMutual would honor the total disability Claim and pay total disability benefits per the Policy terms and conditions.

44.     Defendant MassMutual paid Plaintiff $363,120 for past benefits owed from April 1, 2014 through December 31, 2015.

45.     Defendant MassMutual advised that it owed total disability benefits from April 1, 2014 after expiration of the 90-day waiting period.

46.     MassMutual tendered to Plaintiff his past due Retire Guard Rider benefits in the amount of $72,236.08.

47.     Per the request of Plaintiff's lawyer and accountant, Bernard Banahan, Defendant MassMutual tendered the Retire Guard funds to Plaintiff directly instead of sending them to MassMutual Trust Co. to manage the funds.

48.     Within a few months after finally acknowledging the compensability of Plaintiff's total disability Claim, Defendant MassMutual unreasonably investigated and harassed Plaintiff, ostensibly with the intent of creating a reason to partially or completely deny Plaintiff's Claim.

49.     Defendant MassMutual's subjectively and objectively unreasonable investigation and harassment of Plaintiff were conducted for the purpose of saving Defendant MassMutual money by reducing the total disability Claim benefits owed to Plaintiff.

8

50.     In a letter dated November 10, 2017, MassMutual stated it was "unclear as to whether [Plaintiff] should be receiving benefits under the Total Disability or Partial Disability provisions of his Policy."

51.     However, just a few weeks later, in a letter dated December 29, 2017, Defendant MassMutual denied Plaintiff's total disability Claim, asserting that Plaintiff was only partially disabled since he is working in another occupation; managing his dental practice.

52.     As of December 29, 2017, Defendant MassMutual "closed" Plaintiff's claim for disability benefits, ceased paying any further disability payments, and reinstated the requirement that Plaintiff pay premiums for the Policy.

53.     Defendant MassMutual's denial of the Claim was objectively and subjectively improper and based on the false and erroneous assertion that Plaintiff was somehow working at an "other occupation" of managing his dental practice.

54.     Due to Defendant MassMutual's subjectively and objectively unreasonable positions and continual one-sided and slanted investigation trying to prove Plaintiff had an "other occupation" of managing the dental practice of Kidz-R-Kool, Plaintiff hired new legal counsel to represent his interests.

55.     Said legal counsel advised Defendant MassMutual of his representation of Plaintiff on September 17, 2018.

56.     On or about January 14, 2019, Defendant MassMutual tendered total

9

disability insurance benefits to Plaintiff in the amount of $71,218.37, reflecting total disability indemnity payments for the period of October 1, 2018 through December 31, 2018.

57.     Defendant MassMutual did not and has not made any disability payments to Plaintiff for the period from January 1, 2018 through September 30, 2018.

58.     Though Defendant MassMutual prospectively reinstated monthly total disability benefits to Plaintiff beginning January 14, 2019, from December 29, 2017 through the present, it has continued to unreasonably (1) deny that Plaintiff is entitled to total disability benefits, (2)  assert that Plaintiff is only partially disabled, (3) assert that Plaintiff is engaged in an "other occupation" of managing his dental practice, (4) assert that Plaintiff has received and is continuing to receive overpayments, (5) assert that MassMutual was reserving its purported rights, including a right to seek reimbursement of such overpayments, and (6) claim that MassMutual was conducting a "comprehensive vocational and financial review" of the Claim.

59.     MassMutual has repeatedly demanded that Plaintiff create, assemble and produce vast quantities of irrelevant, confidential corporate and personal financial, tax, and employee data and information, including sensitive personally identifiable information concerning third persons, all under threat of MassMutual discontinuing payments if such information is not provided.

60.     On August 20, 2019, in an email from its lead litigation counsel, MassMutual

claimed that Plaintiff had been overpaid approximately $675,000 through December 31, 2017.

61.     MassMutual further claimed as well that it could not yet determine the sum of potential overpayments in 2018 and 2019.

62.     MassMutual's position that Plaintiff had been and was continuing to be overpaid was based on its clearly erroneous and demonstrably false position that Plaintiff is not totally disabled.

63.     In calculating the amount of the alleged overpayment through December 31, 2017, MassMutual intentionally manipulated and skewed Plaintiff's Pre-Disability Income and Post-Disability Income in order to improperly minimize the amount of partial disability benefits it would owe in the case of partial disability with the result of improperly maximizing the amount of its purported overpayment claim.

64.     Further, upon information and belief, MassMutual has engaged in improper and highly intrusive investigative techniques in breach of Plaintiff's privacy rights.

65.     Further, MassMutual has unreasonably and repeatedly failed to timely and substantively respond to reasonable inquiries from Plaintiff's lawyer, including a failure to disclose evidence, facts, calculations, and information upon which defendant MassMutual purportedly relies in support of its position that Plaintiff is not totally disabled and that he was overpaid disability benefits and, therefore, must reimburse MassMutual hundreds of thousands of dollars.

11

### Count One: Breach of Contract (MassMutual)

66.     Plaintiff incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

67.     Plaintiff had a disability insurance contract with MassMutual, referred to herein as the Policy.

68.     The Policy provides the written terms and conditions of the disability insurance contract.

69.     Plaintiff complied with the terms and conditions of the Policy at all times relevant hereto.

70.     Plaintiff is excused from complying with the terms and conditions of the Policy due to MassMutual's prior material breach of its obligations.

71.     MassMutual ceased paying total disability insurance benefits to Plaintiff as of December 31, 2017, commenced paying benefits as of October 1, 2018, and once again threatens to terminate benefits under the Policy as of November 1, 2019.

72.     MassMutual's denial of benefits constitutes a breach of contract, as the denial is without just cause or excuse and has deprived Plaintiff of the contractual benefits to which he is owed under the Policy.

73.     MassMutual's breach of contract has caused and continues to cause Plaintiff damages, including but not limited to (1) loss of monthly Policy benefits for each month in which total loss benefits have not been tendered in an amount to be determined by proof

12

at trial, (2) loss of money to pay premiums to keep the Policy in force during the periods of disability in which MassMutual denied, (3) prejudgment and post-judgment interest on all breach of contract damages, and (4) the attorney's fees and costs incurred by Plaintiff in responding to MassMutual's breaches and in pursuing this action.

74.    This claim arises in contract within the meaning of A.R.S. §12-341.01. As such, Plaintiff is entitled to an award of his reasonable attorneys' fees incurred herein.

**Count Two: Breach of the Obligation of Good Faith and Fair Dealing (MassMutual)**

75.    Plaintiff incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

76.    Defendant MassMutual neither had nor has any reasonable basis to delay and deny the payment of benefits under the Policy.

77.    Defendant MassMutual failed to conduct a reasonable investigation of Plaintiff's disability claim, and instead conducted an investigation that was outcome-focused on finding a basis to deny Plaintiff's claim.

78.    Defendant MassMutual acted unreasonably, both objectively and subjectively, by failing to fairly evaluate the actual facts, and ignoring facts that supported Plaintiff's claim for disability benefits.

79.    Defendant MassMutual misrepresented facts that supported Plaintiff's disability claim and qualification for benefits under the Policy.

80.    Defendant MassMutual deliberately conducted a biased investigation into

13

1   Plaintiff's claim with the wrongful and purposeful intent to avoid paying Plaintiff's Claim.

2   81.   Upon information and belief, Defendant MassMutual specifically targeted

3

4   Plaintiff's Claim for closure because it is a large Claim.

5   82.   Defendant MassMutual has engaged in a tortured and unreasonable

6   interpretation of the Policy in order to deprive Plaintiff of total disability benefits to which

7   he is entitled and to maximize the amount it claims Plaintiff was overpaid.

8   83.   Defendant MassMutual has falsely and maliciously asserted that Plaintiff

9

10   was overpaid total disability benefits in order to gain leverage over Plaintiff so that Plaintiff

11   will compromise or abandon his Claim.

12   84.   Defendant MassMutual's aforementioned unreasonable claim handling

13   violates the implied covenant of good faith and fair dealing imposed by Arizona law.

14

15   85.   In all aspects of investigating Plaintiff's claim for benefits under the Policy,

16   Defendant MassMutual failed to give Plaintiff's interests as much consideration as their

17   own and instead elevated their interest above those of Plaintiff.

18   86.   Defendant MassMutual has intentionally engaged in insult and personal

19

20   abuse of Plaintiff by falsely accusing him of somehow working at a purported other

21   occupation of managing his dental practice and accusing him of later lying about that.

22   87.   Defendant MassMutual knew and knows it improperly and without any

23

24   reasonable basis denied Plaintiff the benefits of the Policy which he purchased and to which

25   he is entitled.

26

14

88.     Defendant MassMutual engaged in these unreasonable and improper acts specifically knowing that Plaintiff was financially and emotionally vulnerable, and consciously disregarding a substantial risk of significant harm to Plaintiff.

89.     Defendant MassMutual's aforementioned bad faith conduct constitutes evidence of an "evil hand guided by an evil mind" as defined by well-established Arizona law, caused and continues to cause Plaintiff damage which includes, but is not limited to, past and future unpaid benefits of the Policy, as well as past and future emotional distress, inconvenience, and anxiety.

90.     Plaintiff's bad faith claim arises out of contract within the meaning of A.R.S. §12-341.01.  As such, Plaintiff is entitled to an award of his reasonable attorneys' fees incurred herein.  Attorneys' fees are also awardable to Plaintiff as damages. *See Filasky v. Preferred Risk Mut. Ins. Co.*, 152 Ariz. 591, 597-598, 734 P.2d 76 (1987); *Farr v. Transamerica Occidental Life Ins. Co.*, 145 Ariz. 1, 10, 699 P.2d 376, 381 (Ct. App. 1984). *See also, Brandt v. Superior Court,* 37 Cal. 3d 813, 210 Cal. Rptr. 211 (1985).

## Count Three: Negligence (Adcock and TAH)

In the alternative to Counts One and Two, and based upon Defendant MassMutual's conduct set forth herein, Plaintiff alleges Count Three against Defendant Adcock and Defendant TAH.

91.     Plaintiff incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

15

92.     As an insurance agent, Defendant Adcock owed Plaintiff a duty to exercise reasonable care, skill, and diligence in procuring and maintaining Plaintiff's disability insurance coverage, as well as in advising about the adequacy or appropriateness of the disability insurance sold to Plaintiff.

93.     As an insurance agency, Defendant TAH owed Plaintiff a duty to exercise reasonable care, skill, and diligence in procuring and maintaining Plaintiff's disability insurance coverage, as well as in advising about the adequacy or appropriateness of the disability insurance sold to Plaintiff.

94.     At all times relevant hereto, Defendant TAH was responsible for and is liable for the acts and omissions of Defendant Adcock pursuant to the latter's employment and/or agency relationship with the former.

95.     Defendant TAH and Defendant Adcock breached their aforementioned duties to Plaintiff by negligently failing to procure and maintain "own occupation" disability insurance for Plaintiff.

96.     Upon information and belief, "own occupation" disability insurance policies were available in the insurance market, including through MassMutual, for general dentists and pediatric dentists at all times Defendant Adcock and Defendant TAH provided services procuring and maintaining disability insurance for Plaintiff.

97.     Defendant Adcock negligently misrepresented to Plaintiff that he had "own occupation" disability insurance coverage through MassMutual, and Plaintiff detrimentally

relied on those misrepresentations.

98.     Defendant MassMutual has taken the position that the Policy is not a true "own occupation" insurance policy because it requires that the insured not work at any other occupation in order to qualify for total disability insurance benefits.

99.     Plaintiff has not worked in any other occupation since, January 1, 2014, notwithstanding that is the erroneous basis for MassMutual's denial of the Claim.

100.     Defendant Adcock's and Defendant TAH's negligent failure to procure and maintain "own occupation" disability insurance coverage for Plaintiff has resulted in Defendant MassMutual's denial of the Claim; to wit, Defendant MassMutual claims Plaintiff is working at another occupation other than dentistry.

101.     Defendant Adcock's and Defendant TAH's aforementioned negligence has caused Plaintiff damages in the amount of the past and future unpaid benefits that would be owed under a true "own occupation" disability insurance policy and that are being denied under the Policy.

**Count Five: Declaratory Relief (MassMutual)**

102.     Plaintiff incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

103.     Plaintiff has been and remains "Totally Disabled" from his pre-disability "Occupation" within the meaning of the Policy, including during all times in 2016 through the present when MassMutual accused and continues to accuse Plaintiff of working in an

17

"other occupation," and that he was "Partially Disabled" prior to that date.

104.    At no time relevant hereto has Plaintiff engaged in any "other occupation."

105.    Any conduct by Plaintiff that MassMutual may allege to constitute "managing his dental practice" was among the extremely lesser duties of Plaintiff's pre-disability "Occupation."

106.    To the extent the Policy's definition of "Total Disability" purports to preclude Plaintiff's eligibility for "Total Disability" benefits merely because he has engaged in an "other occupation" that he is capable of doing, whether for profit, charity or pleasure, such provision is unlawful, unenforceable and contrary to Plaintiff's reasonable expectations and public policy.

107.    Upon information and belief, Defendant MassMutual disputes Plaintiff's aforementioned allegations in ¶¶ 103-106.

108.    By reason of the foregoing, a declaratory judgment pursuant to Rule 57, Ariz.R.Civ.P. and A.R.S. §12-1831, *et. seq.* is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist under the Policy as they relate to the Claim.

109.    Plaintiff seeks a judicial declaration confirming the allegations in ¶¶ 103-106 are true and accurate.

110.    Specifically, Plaintiff respectfully requests a judicial declaration to the effect that Plaintiff has been and remains "Totally Disabled" from his pre-disability "Occupation"

18

within the meaning of the Policy, including during all times in 2016 through the present when MassMutual accused and continues to accuse Plaintiff of working in an "other occupation."

111.  Plaintiff seeks a judicial declaration that he is now entitled to the future benefits owed under the Policy due to MassMutual's breach of contract and bad faith.

112.  This claim arises in contract within the meaning of A.R.S. §12-341.01. As such, Plaintiff is entitled to an award of his reasonable attorneys' fees incurred herein.

## Demand for Jury Trial

Plaintiff demands a trial by jury of all claims pursuant to Ariz.R.Civ.P., Rule 38.

## Prayer for Relief as to Defendant MassMutual

On his claim for relief as to Defendant MassMutual, Plaintiff seeks a judicial declaration of rights as set forth above and money damages as follows:

A.  An award of all damages for breach of contract, including past due benefits and un-waived premium payments from July 1, 2013 through trial in an amount to be determined according to proof, inclusive of interest thereon, as provided by law and as adjusted for cost of living allowances, as provided by the Policy;

B.  An award of future benefits that would be received under the Policy through the age of 67 years old, January 17, 2029, as damages for MassMutual's tortious breach of the obligation of good faith and fair dealing;

19

C.     An award of all unpaid benefits of the Policy, as well as past, present, and future damages for physical suffering, emotional distress, humiliation, inconvenience, and anxiety as a result of MassMutual's tortious breach of the obligation of good faith and fair dealing, as previously set forth herein;

D.     Reasonable attorneys' fees pursuant to A.R.S. §12-341.01 and taxable costs;

E.     Punitive damages in an amount sufficient to punish and deter the bad faith conduct described herein, as a result of Defendant's tortious breach of the obligation of good faith and fair dealing;

F.     Declaratory relief as set forth herein; and

G.     Any other relief as is proper.

### Prayer for Relief as to Defendants TAH and Adcock

On his alternative claim for relief as to Defendants TAH and Adcock, Plaintiff seeks the following:

A. An award of all past due benefits and un-waived premium payments through trial in an amount to be determined according to proof, inclusive of interest thereon, as provided by law and as adjusted for cost of living allowances, as provided by the Policy;

B. Compensatory damages for financial hardship, loss of time, and expenses, including incidental expenses and pre-litigation expenses;

C. Compensatory damages for mental, emotional, and physical distress and other

20

incidental damages suffered;

D. Taxable costs; and

E. Any other relief as is proper.

DATED this 20th day of November 2019.

BEALE, MICHEAELS, SLACK & SHUGHART, P.C.

By _____
David S. Shughart
7012 N. 18th Street
Phoenix, Arizona 85020
Attorneys for Plaintiff

21

COPY

NOV 2 0 2019

CLERK OF THE SUPERIOR COURT
S. VEGA
DEPUTY CLERK

1  David S. Shughart, State Bar No. 015299
2  BEALE MICHEAELS SLACK & SHUGHART, PC
   7012 N. 18th Street
3  Phoenix, AZ 85020
   (602) 957-0516
4  dshughart@bmsslaw.com

5
6  Steven S. Guy, State Bar No. 009106
   THE GUY LAW FIRM, PLLC
7  10105 E. Via Linda, Suite 103
   Scottsdale, Arizona 85258
8  (480) 767-3175
9  steve@steveguylaw.com
   Attorneys for Plaintiff

10

11            **SUPERIOR COURT OF THE STATE OF ARIZONA**

12                        **COUNTY OF MARICOPA**

13  Richard C. Brenke, an Arizona resident,      )
                                                 )  No. _CV 2019-050962_
14            Plaintiff,                          )
                                                 )
15       vs.                                      )  **CERTIFICATE OF COMPULSORY**
                                                 )  **ARBITRATION**
16  Massachusetts Mutual Life Insurance          )
17  Company, a Massachusetts corporation;        )
    Treloar & Heisel, Inc., a Pennsylvania       )
18  corporation; John A. Adcock and Jane Doe     )
    Adcock, husband and wife, Illinois           )
19  residents,                                   )
                                                 )
20                                               )
21            Defendants.                         )
                                                 )
22  _____  )

23       The undersigned certifies that the largest award sought by the Plaintiff exceeds the

24  limits set by Local Rule for compulsory arbitration.  This case is therefore <u>not</u> subject to

25
26  the Uniform Rules of Procedure for Arbitration.

1    DATED this 20th day of November 2019.

2                              BEALE, MICHEAELS, SLACK & SHUGHART, P.C.

3

4                              By _____
                                    David S. Shughart

5                                   7012 N. 18th Street
                                    Phoenix, Arizona 85020

6                                   Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

COPY

NOV 2 0 2019

CLERK OF THE SUPERIOR COURT
S. VEGA
DEPUTY CLERK

1  David S. Shughart, State Bar No. 015299
2  BEALE MICHEAELS SLACK & SHUGHART, PC
   7012 N. 18th Street
3  Phoenix, AZ 85020
   (602) 957-0516
4  dshughart@bmsslaw.com

5
6  Steven S. Guy, State Bar No. 009106
   THE GUY LAW FIRM, PLLC
7  10105 E. Via Linda, Suite 103
   Scottsdale, Arizona 85258
8  (480) 767-3175
9  steve@steveguylaw.com
   Attorneys for Plaintiff

10
11          **SUPERIOR COURT OF THE STATE OF ARIZONA**
12                    **COUNTY OF MARICOPA**

13  Richard C. Brenke, an Arizona resident,      )
                                                 )  No. ___CV2019-050962___
14          Plaintiff,                           )
                                                 )
15  vs.                                          )  **CERTIFICATE OF COMPULSORY**
                                                 )  **ARBITRATION**
16                                               )
    Massachusetts Mutual Life Insurance          )
17  Company, a Massachusetts corporation;        )
    Treloar & Heisel, Inc., a Pennsylvania       )
18  corporation; John A. Adcock and Jane Doe     )
19  Adcock, husband and wife, Illinois           )
    residents,                                   )
20                                               )
21          Defendants.                          )
                                                 )
22  _____         )

23          The undersigned certifies that the largest award sought by the Plaintiff exceeds the

24  limits set by Local Rule for compulsory arbitration.  This case is therefore <u>not</u> subject to

25
26  the Uniform Rules of Procedure for Arbitration.

DATED this 20th day of November 2019.

BEALE, MICHEAELS, SLACK & SHUGHART, P.C.

By _____
David S. Shughart
7012 N. 18th Street
Phoenix, Arizona 85020
Attorneys for Plaintiff

COPY

NOV 2 0 2019

CLERK OF THE SUPERIOR COURT
S. VEGA
DEPUTY CLERK

David S. Shughart, State Bar No. 015299
BEALE MICHEAELS SLACK & SHUGHART, PC
7012 N. 18th Street
Phoenix, AZ 85020
(602) 957-0516
dshughart@bmsslaw.com

Steven S. Guy, State Bar No. 009106
THE GUY LAW FIRM, PLLC
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258
(480) 767-3175
steve@steveguylaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

Richard C. Brenke, an Arizona resident,

    Plaintiff,

vs.

Massachusetts Mutual Life Insurance
Company, a Massachusetts corporation;
Treloar & Heisel, Inc., a Pennsylvania
corporation; John A. Adcock and Shannon
M. Adcock, husband and wife, Illinois
residents,

    Defendants.

No. CV 2019-056962

**PLAINTIFF'S CERTIFICATE RE:
EXPERT OPINIONS PURSUANT TO
A.R.S. §12-2602**

Pursuant to A.R.S. §12-2602, Plaintiff Richard C. Brenke, by and through

undersigned counsel, hereby certifies that expert opinion testimony is required to prove the

licensed professional's standard of care or liability with respect to Plaintiffs' claims against

Treloar & Heisel, Inc., and John A. Adcock and Jane Doe Adcock.

DATED this 20th day of November 2019.

BEALE, MICHEAELS, SLACK & SHUGHART, P.C.

By _____
        David S. Shughart
        7012 N. 18th Street
        Phoenix, Arizona 85020
        Attorneys for Plaintiff

2

COPY

NOV 2 0 2019

CLERK OF THE SUPERIOR COURT
S. VEGA
DEPUTY CLERK

1   David S. Shughart, State Bar No. 015299
2   BEALE MICHEAELS SLACK & SHUGHART, PC
    7012 N. 18th Street
3   Phoenix, AZ 85020
    (602) 957-0516
4   dshughart@bmsslaw.com

5
    Steven S. Guy, State Bar No. 009106
6   THE GUY LAW FIRM, PLLC
7   10105 E. Via Linda, Suite 103
    Scottsdale, Arizona 85258
8   (480) 767-3175
9   steve@steveguylaw.com
    Attorneys for Plaintiff
10

11          SUPERIOR COURT OF THE STATE OF ARIZONA

12                    COUNTY OF MARICOPA

13  Richard C. Brenke, an Arizona resident,      )
                                                 )  No. ___CV 2019-056962___
14          Plaintiff,                           )
                                                 )
15                                               )  PLAINTIFF'S CERTIFICATE RE:
       vs.                                       )  EXPERT OPINIONS PURSUANT TO
16                                               )  A.R.S. §12-2602
17  Massachusetts Mutual Life Insurance          )
    Company, a Massachusetts corporation;        )
18  Treloar & Heisel, Inc., a Pennsylvania       )
19  corporation; John A. Adcock and Shannon      )
    M. Adcock, husband and wife, Illinois        )
20  residents,                                   )
                                                 )
21          Defendants.                          )
                                                 )
22                                               )
                                                 )
23  _____   )

24          Pursuant to A.R.S. §12-2602, Plaintiff Richard C. Brenke, by and through

25  undersigned counsel, hereby certifies that expert opinion testimony is required to prove the

26  licensed professional's standard of care or liability with respect to Plaintiffs' claims against

    Treloar & Heisel, Inc., and John A. Adcock and Jane Doe Adcock.

1    DATED this 20th day of November 2019.

2                      BEALE, MICHEAELS, SLACK & SHUGHART, P.C.

3

4                      By
                         David S. Shughart

5                         7012 N. 18th Street

6                         Phoenix, Arizona 85020
                         Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COPY

1  David S. Shughart, State Bar No. 015299
2  BEALE MICHEAELS SLACK & SHUGHART, PC
   7012 N. 18th Street
3  Phoenix, AZ 85020
4  (602) 957-0516
   dshughart@bmsslaw.com
5
6  Steven S. Guy, State Bar No. 009106
   THE GUY LAW FIRM, PLLC
7  10105 E. Via Linda, Suite 103
   Scottsdale, Arizona 85258
8  (480) 767-3175
9  steve@steveguylaw.com
   Attorneys for Plaintiff
10
11           SUPERIOR COURT OF THE STATE OF ARIZONA
                        COUNTY OF MARICOPA
12
13 Richard C. Brenke, an Arizona resident,    )
                                              )   No. CV 2019-056962
14           Plaintiff,                        )
                                              )
15      vs.                                    )   **DEMAND FOR JURY TRIAL**
                                              )
16 Massachusetts Mutual Life Insurance         )
17 Company, a Massachusetts corporation;       )
   Treloar & Heisel, Inc., a Pennsylvania      )
18 corporation; John A. Adcock and Jane Doe    )
19 Adcock, husband and wife, Illinois          )
   residents,                                  )
20                                             )
21           Defendants.                       )
                                              )
22 _____ )
23
24      Plaintiff, by and through undersigned counsel, and pursuant to Rule 38(b), Arizona

25 Rules of Civil Procedure, hereby demands a trial by jury of all issues in the above-entitled

26 action.

1    DATED this 20 day of November 2019.

2                              BEALE, MICHEAELS, SLACK & SHUGHART, P.C.

3

4                    By
                            David S. Shughart
5                           7012 N. 18th Street
                            Phoenix, Arizona 85020
6                           Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COPY

David S. Shughart, State Bar No. 015299
BEALE MICHEAELS SLACK & SHUGHART, PC
7012 N. 18th Street
Phoenix, AZ 85020
(602) 957-0516
dshughart@bmsslaw.com

Steven S. Guy, State Bar No. 009106
THE GUY LAW FIRM, PLLC
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258
(480) 767-3175
steve@steveguylaw.com
Attorneys for Plaintiff

NOV 2 0 2019

CLERK OF THE SUPERIOR COURT
S. VEGA
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| Richard C. Brenke, an Arizona resident, | No. CV 2019-056962 |
| Plaintiff, | |
| vs. | **DEMAND FOR JURY TRIAL** |
| Massachusetts Mutual Life Insurance Company, a Massachusetts corporation; Treloar & Heisel, Inc., a Pennsylvania corporation; John A. Adcock and Jane Doe Adcock, husband and wife, Illinois residents, | |
| Defendants. | |

Plaintiff, by and through undersigned counsel, and pursuant to Rule 38(b), Arizona Rules of Civil Procedure, hereby demands a trial by jury of all issues in the above-entitled action.

1    DATED this 20th day of November 2019.

2                                    BEALE, MICHEAELS, SLACK & SHUGHART, P.C.

3                            By

4                                    David S. Shughart
                                     7012 N. 18th Street
5                                    Phoenix, Arizona 85020
6                                    Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEC 1 1 2019