**THE HASSETT LAW FIRM, P.L.C.**
**1221 East Osborn Road**
**Suite 102A**
**Phoenix, Arizona 85014-5540**
**(602) 264-7474**

Myles P. Hassett, No. 012176
mph@hassettlawfirm.com
Jamie A. Glasser, No. 029729
jamie@hassettlawfirm.com
David R. Seidman, No. 031663
drs@hassettlawfirm.com
*Attorneys for Defendants*
*Treloar & Heisel, Inc.,*
*John A. Adcock and Shannon Adcock*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Richard C. Brenke,<br><br>       Plaintiff,<br><br>    v.<br><br>Massachusetts Mutual Life Insurance Company; Treloar & Heisel, Inc.; John A. Adcock and Jane Doe Adcock,<br><br>       Defendants. | No. 2:20-cv-00056-MTL<br><br>**ANSWER OF DEFENDANTS TRELOAR & HEISEL, INC., JOHN A. ADCOCK AND SHANNON ADCOCK**<br><br>**(Assigned to the Honorable Michael T. Liburdi)** |

Defendants Treloar & Heisel, Inc., John A. Adcock and Shannon Adcock (collectively, "Treloar") for their answer state as follows:

### Parties, Jurisdiction, and Venue

1.  Answering the allegations of paragraph 1 of the complaint, Treloar admits only that Plaintiff is a licensed dentist and a citizen of Arizona, and denies the remaining

allegations for lack of present information.

2. Treloar admits the allegations of paragraph 2 of the complaint.

3. Treloar admits the allegations of paragraph 3 of the complaint.

4. Treloar admits the allegations of paragraph 4 of the complaint.

5. Answering the allegations of paragraph 5 of the complaint, Treloar admits only that defendant John A. Adcock was employed by defendant Treloar & Heisel, Inc. and was acting within the course and scope of his employment when he assisted Plaintiff with purchasing insurance, and denies the remaining allegations as Plaintiff's legal conclusions.

6. Treloar denies the allegations of paragraph 6 of the complaint.

7. Treloar denies the allegations of paragraph 7 of the complaint.

8. Treloar denies the allegations of paragraph 8 of the complaint.

9. Answering the allegations of paragraph 9 of the complaint, Treloar admits only that Plaintiff has alleged an amount in controversy that exceeds the minimum jurisdictional limit of this Court and denies the remaining allegations for lack of present information.

10. Treloar asserts that the Arizona Rules of Civil Procedure do not apply to this action, therefore paragraph 10 of the complaint is inapplicable and does not require a response. To the extent that a substantive response may be required, Treloar denies the allegations of paragraph 10 of the complaint because discovery in this action is subject to the Federal Rules of Civil Procedure.

11. Treloar asserts that no response to paragraph 11 of the complaint is required.

## Allegations Common to All Counts

12. Answering the allegations of paragraph 12 of the complaint, Treloar admits only that Plaintiff is a licensed dentist and denies the remaining allegations for lack of present information.

13. Answering the allegations of paragraph 13 of the complaint, Treloar admits only that Plaintiff is a licensed dentist and denies the remaining allegations for lack of present information.

14. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 14 of the complaint and therefore denies same.

15. Answering the allegations of paragraph 15 of the complaint, Treloar admits only that prior to January 19, 2006 insurance producer Kevin Zduriencik, a Treloar employee at that time, assisted Plaintiff in applying for disability income insurance and denies the remaining allegations for lack of present information.

16. Treloar admits the allegations of paragraph 16 of the complaint.

17. Answering the allegations of paragraph 17 of the complaint, Treloar admits only that Mass Mutual Life Insurance Company ("Mass Mutual") amended Plaintiff's disability income insurance policy number 8467365 (the "Policy") before Plaintiff made a claim with Mass Mutual for benefits under the Policy (the "Claim") and denies the remaining allegations for lack of present information.

18. Answering the allegations of paragraph 18 of the complaint, Treloar admits only that, on information and belief, the Policy number remained the same at all times relevant to the allegations in the complaint and denies the remaining allegations for lack of present information.

19. Answering the allegations of paragraph 19 of the complaint, Treloar admits only that defendant John Adcock, an insurance producer and Treloar employee, assisted Plaintiff in procuring disability income insurance before Plaintiff made the Claim and denies the remaining allegations for lack of present information.

20. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 20 of the complaint and therefore denies same.

21. Treloar denies the allegations of paragraph 21 of the complaint.

22. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 22 of the complaint and therefore denies same.

23. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 23 of the complaint and therefore denies same.

24. Treloar denies the allegations of paragraph 24 of the complaint.

25. Treloar denies the allegations of paragraph 25 of the complaint.

26. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 26 of the complaint and therefore denies same.

27. Answering the allegations of paragraph 27 of the complaint, Treloar denies the allegations for lack of present information.

28. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 28 of the complaint and therefore denies same.

29. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 29 of the complaint and therefore denies same.

30. Answering the allegations of paragraph 31 of the complaint, Treloar admits only that Treloar understands that Plaintiff made the Claim in 2014.

31. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 31 of the complaint and therefore denies same.

32. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 32 of the complaint and therefore denies same.

33. Answering the allegations of paragraph 33 of the complaint, Treloar admits only that, on information and belief, Dr. Robert Matthews was employed by Kidz-R-Kool and denies the remaining allegations for lack of present information.

34. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 34 of the complaint and therefore denies same.

35. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 35 of the complaint and therefore denies same.

36. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 36 of the complaint and therefore denies same.

37. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 37 of the complaint and therefore denies same.

38. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 38 of the complaint and therefore denies same.

39. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 39 of the complaint and therefore denies same.

40. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 40 of the complaint and therefore denies same.

41. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 41 of the complaint and therefore denies same.

42. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 42 of the complaint and therefore denies same.

43. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 43 of the complaint and therefore denies same.

44. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 44 of the complaint and therefore denies same.

45. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 45 of the complaint and therefore denies same.

46. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 46 of the complaint and therefore denies same.

47. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 47 of the complaint and therefore denies same.

48. Treloar denies the allegations of paragraph 48 of the complaint as inapplicable to these defendants.

49. Treloar denies the allegations of paragraph 49 of the complaint as inapplicable to these defendants.

50. Treloar denies the allegations of paragraph 50 of the complaint as inapplicable to these defendants.

51. Treloar denies the allegations of paragraph 51 of the complaint as inapplicable to these defendants.

52. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 52 of the complaint and therefore denies same.

53. Treloar denies the allegations of paragraph 53 of the complaint as inapplicable to these defendants.

54. Treloar denies the allegations of paragraph 54 of the complaint as inapplicable to these defendants.

55. Treloar denies the allegations of paragraph 55 of the complaint as inapplicable to these defendants.

56. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 56 of the complaint and therefore denies same.

57. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 57 of the complaint and therefore denies same.

58. Treloar denies the allegations of paragraph 58 of the complaint as inapplicable to these defendants.

59. Treloar denies the allegations of paragraph 59 of the complaint as inapplicable to these defendants.

60. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 60 of the complaint and therefore denies same.

61. Treloar denies the allegations of paragraph 61 of the complaint as inapplicable to these defendants.

62. Treloar denies the allegations of paragraph 62 of the complaint as inapplicable to these defendants.

63. Treloar denies the allegations of paragraph 63 of the complaint as inapplicable to these defendants.

64. Treloar denies the allegations of paragraph 64 of the complaint as inapplicable to these defendants.

65. Treloar denies the allegations of paragraph 65 of the complaint as inapplicable to these defendants.

## Count One: Breach of Contract (MassMutual)

66. Treloar adopts and reasserts its answers to the allegations of paragraphs 1 through 65 of the complaint.

67. Treloar denies the allegations of paragraph 67 of the complaint as inapplicable to these defendants.

68. Treloar denies the allegations of paragraph 68 of the complaint as inapplicable to these defendants.

69. Treloar denies the allegations of paragraph 69 of the complaint as inapplicable to these defendants.

70. Treloar denies the allegations of paragraph 70 of the complaint as inapplicable to these defendants.

71. Treloar denies the allegations of paragraph 71 of the complaint as inapplicable to these defendants.

72. Treloar denies the allegations of paragraph 72 of the complaint as inapplicable to these defendants.

73. Treloar denies the allegations of paragraph 73 of the complaint as inapplicable to these defendants.

74. Treloar denies the allegations of paragraph 74 of the complaint as inapplicable to these defendants.

**Count Two: Breach of the Obligation of Good Faith and Fair Dealing**

**(MassMutual)**

75. Treloar adopts and reasserts its answers to the allegations of paragraphs 1 through 74 of the complaint.

76. Treloar denies the allegations of paragraph 76 of the complaint as inapplicable to these defendants.

77. Treloar denies the allegations of paragraph 77 of the complaint as inapplicable to these defendants.

78. Treloar denies the allegations of paragraph 78 of the complaint as inapplicable to these defendants.

79. Treloar denies the allegations of paragraph 79 of the complaint as inapplicable to these defendants.

80. Treloar denies the allegations of paragraph 80 of the complaint as inapplicable to these defendants.

81. Treloar denies the allegations of paragraph 81 of the complaint as inapplicable to these defendants.

82. Treloar denies the allegations of paragraph 82 of the complaint as inapplicable to these defendants.

83. Treloar denies the allegations of paragraph 83 of the complaint as inapplicable to these defendants.

84. Treloar denies the allegations of paragraph 84 of the complaint as inapplicable to these defendants.

85. Treloar denies the allegations of paragraph 85 of the complaint as inapplicable to these defendants.

86. Treloar denies the allegations of paragraph 86 of the complaint as inapplicable to these defendants.

87. Treloar denies the allegations of paragraph 87 of the complaint as inapplicable to these defendants.

88. Treloar denies the allegations of paragraph 88 of the complaint as inapplicable to these defendants.

89. Treloar denies the allegations of paragraph 89 of the complaint as inapplicable to these defendants.

90. Treloar denies the allegations of paragraph 90 of the complaint as inapplicable to these defendants.

### Count Three: Negligence (Adcock and TAH)

91. Treloar adopts and reasserts its answers to the allegations of paragraphs 1 through 90 of the complaint.

92. Answering the allegations of paragraph 92 of the complaint, Treloar admits only that Arizona insurance producers like John Adcock owe a duty of reasonable care, skill and diligence in procuring requested insurance under the same or similar circumstances and denies the remaining allegations.

93. Answering the allegations of paragraph 93 of the complaint, Treloar admits only that Arizona insurance producers like defendant Treloar & Heisel, Inc. owe a duty of reasonable care, skill and diligence in procuring requested insurance under the same or similar circumstances and denies the remaining allegations.

94. Answering the allegations of paragraph 94 of the complaint, Treloar admits only that defendant John A. Adcock was employed by defendant Treloar &

Heisel, Inc. and was acting within the course and scope of his employment when he assisted Plaintiff with purchasing insurance, and denies the remaining allegations as Plaintiff's legal conclusions.

95. Treloar denies the allegations of paragraph 95 of the complaint.

96. Treloar denies the allegations of paragraph 96 of the complaint.

97. Treloar denies the allegations of paragraph 97 of the complaint.

98. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 98 of the complaint and therefore denies same.

99. Treloar lacks sufficient information to admit or deny the truth of the allegations of paragraph 99 of the complaint and therefore denies same.

100. Treloar denies the allegations of paragraph 100 of the complaint.

101. Treloar denies the allegations of paragraph 101 of the complaint.

**Count Five [*sic* Four]: Declaratory Relief (MassMutual)**

102. Treloar adopts and reasserts its answers to the allegations of paragraphs 1 through 101 of the complaint.

103. Treloar denies the allegations of paragraph 103 of the complaint as inapplicable to these defendants.

104. Treloar denies the allegations of paragraph 104 of the complaint as inapplicable to these defendants.

105. Treloar denies the allegations of paragraph 105 of the complaint as inapplicable to these defendants.

106. Treloar denies the allegations of paragraph 106 of the complaint as inapplicable to these defendants.

107. Treloar denies the allegations of paragraph 107 of the complaint as inapplicable to these defendants.

108. Treloar denies the allegations of paragraph 108 of the complaint as inapplicable to these defendants.

109. Treloar denies the allegations of paragraph 109 of the complaint as inapplicable to these defendants.

110. Treloar denies the allegations of paragraph 110 of the complaint as inapplicable to these defendants.

111. Treloar denies the allegations of paragraph 111 of the complaint as inapplicable to these defendants.

112. Treloar denies the allegations of paragraph 112 of the complaint as inapplicable to these defendants.

113. Treloar denies every allegation of the complaint not expressly admitted.

## **Affirmative Defenses**

For their affirmative defenses to all claims for relief, Treloar states the following:

1. Plaintiff has failed to state a claim against Treloar upon which relief can be granted.

2. Although Plaintiff has made the required certification under A.R.S. §12-2602 that of expert testimony is necessary, he lacks evidence to support any claim of

professional negligence and has thus failed to state a claim upon which relief can be granted against Treloar.

3. Plaintiff may have proximately caused or proximately contributed to his alleged damages, which may be reduced in proportion to the degree of fault attributable to Plaintiff, all in accordance with A.R.S. §§12-2505 *et seq.*

4. The damages alleged in the complaint were proximately caused by the negligent or wrongful acts of others or by subsequent intervening or superseding events or forces not controlled by or the responsibility of Treloar.

5. Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

6. Plaintiff's claims are subject to the terms and conditions of its coverage, if any, with Mass Mutual, and are subject to offset by any amount paid by Mass Mutual or any other source.

7. Plaintiff is not entitled to recover emotional distress damages for an economic loss allegedly arising out of Treloar's conduct.

8. Plaintiff may have failed to mitigate his damages.

9. Plaintiff cannot recover pre-judgment interest on his unliquidated claims, if any.

10. Plaintiff's claims against Treloar are not ripe for adjudication.

11. Treloar asserts that it has fully complied with Plaintiff's coverage requests and provided the ordered coverage.

12. Treloar reserves the right to amend this Answer to specifically plead any additional matters constituting an avoidance or affirmative defense as discovery may show to be applicable.

13. On information and belief, Treloar asserts the affirmative defenses of payment and estoppel.

Additional facts may be revealed by future discovery in this action which would support affirmative defenses presently available but unknown to these defendants who therefore allege, as though set forth herein, all affirmative defenses in Rules 8(c) and 12(b) Federal Rules of Civil Procedure.

WHEREFORE, Treloar prays that the complaint be dismissed, that Treloar be awarded its costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 31st day of January, 2020.

                                      THE HASSETT LAW FIRM, P.L.C.

                                      By: *s/ Myles P. Hassett*
                                              MYLES P. HASSETT
                                              JAMIE A. GLASSER
                                              DAVID R. SEIDMAN
                                              *Attorneys for Defendants*
                                              *Treloar & Heisel, Inc.,*
                                              *John A. Adcock and Shannon Adcock*

Original e-filed this 31st day of
January, 2020, with:

Clerk of the Court
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, Arizona 85003

Copy delivered via e-filing system this
31st day of January, 2020, to:

Honorable Michael T. Liburdi
Judge of United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 58
Phoenix, Arizona 85003

David S. Shughart
Beale, Michaeals, Slack & Shughart, P.C.
7012 N. 18th Street
Phoenix, AZ 805020

Steven S. Guy
The Guy Law Firm, PLLC
10105 E. Via Linda, Suite 103
Scottsdale, AZ 85258

Don Myles
Ryan D. Pont
Jones, Skelton & Hochuli P.L.C.
40 North Central Ave., Suite 2700
Phoenix, AZ 85004
*Attorneys for Defendant Massachusetts Mutual Life Insurance Company*

 *s/ Michelle Glendenning* 
31750/Answer (Treloar & Adcock)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


*/s/ Michele Glendenning*