# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard C Brenke,<br><br>   Plaintiff,<br><br>v.<br><br>Massachusetts Mutual Life Insurance Company, et al.,<br><br>   Defendants. | No. CV-20-00056-PHX-MTL<br><br>**PROTECTIVE ORDER** |

The parties have stipulated that discovery in this matter may involve the disclosure of private, medical or otherwise personally identifiable information of a non-public nature; and proprietary, technical, developmental, marketing, business, financial, trade secret or otherwise confidential business information of a non-public nature contained in, among other sources, the files and materials of Richard C. Brenke, Massachusetts Mutual Life Insurance Company, and Treloar & Heisel, Inc.

It is anticipated that pleadings and discovery papers in this matter may include reference to documents that may be regarded as confidential and proprietary by the party producing them or may otherwise refer to confidential and proprietary information.

The parties have agreed that any disclosure of such proprietary and confidential documents shall not occur except as necessary for the purposes of this litigation.

The protection stipulated to by the parties is the most appropriate means for protecting the fairness of the judicial and discovery process. Accordingly, pursuant to Fed. R. Civ. P. 26(c),

**IT IS ORDERED granting** the Stipulation for Entry of a Protective Order for Confidential Documents (Doc. 32).

**IT IS FURTHER ORDERED** entering the following Protective Order.

1. <u>Scope of Order</u>.  This Stipulated Protective Order shall be applicable to and govern: "Confidential" portions (as defined below) of all depositions (including exhibits); documents produced in response to discovery requests, formal or otherwise, or related to initial disclosures; answers to interrogatories; responses to requests for admissions; and all other discovery taken; as well as submissions to the Court; testimony given at trial, or during a hearing; and other materials or information produced in this matter where marked "Confidential" by any party as discussed below.

This Stipulated Protective Order also shall be applicable to certain privileged information, as discussed below.

2. <u>"CONFIDENTIAL" Information</u>. "CONFIDENTIAL" information is information that is: (a) confidential, sensitive, competitive, or potentially invasive of privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

3. <u>Marking of "CONFIDENTIAL" Information</u>.  The designation of information as "CONFIDENTIAL" will be made by placing or affixing on each page of the document or other material (in a manner that will not interfere with its legibility), the word "CONFIDENTIAL."

4. <u>No Marking at Inspection</u>.  When files and records are produced for inspection, no marking need be made in advance of the inspection.  For purposes of this initial inspection, all documents in any produced files shall be considered marked as "CONFIDENTIAL" information.  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

1    5.   Deposition Testimony. A deposition transcript may be designated in whole or in part as containing "CONFIDENTIAL" information by so notifying the other parties on the record at the time of the testimony, or by notifying the other parties in writing within 10 business days after the transcript has been officially transcribed of the specific pages and lines of the transcript that contain such CONFIDENTIAL information. Such written notification shall specify the designation by page and line number. In the absence of any written notice concerning the specific portions of the transcript that a party believes contains "CONFIDENTIAL" information, the transcript of the deposition testimony shall be treated as designated on the record at the time of testimony, or if no designation was made, then the transcript of testimony shall not be treated as a "CONFIDENTIAL" document under the terms of this Stipulated Protective Order.

Unless otherwise agreed to by the parties in writing or on the record, an individual not qualified to receive "CONFIDENTIAL" information shall not be in attendance at the portion of the deposition during which "CONFIDENTIAL" information is being disclosed.

6.   Effect of Designation. The designation of information as "CONFIDENTIAL" shall constitute a representation that the attorney for the marking party believes on behalf of their client, that there is a valid basis for such designation. All rights are retained regarding the inadvertent failure of a party or other person to designate a document or other material as "CONFIDENTIAL" information, as set forth in paragraph 12. The parties reserve their respective rights to argue the impact of designating or failing to designate a document or other material as "CONFIDENTIAL" information at trial.

7.   Permissible Use of "CONFIDENTIAL" Information. "CONFIDENTIAL" information shall be used only for the purposes of this litigation. Use of such information in any other litigation or for any other purpose is expressly prohibited. Notwithstanding any other provision contained herein, this Stipulated Protective Order does not restrict or otherwise affect the rights of a party or other person from using its own "CONFIDENTIAL" information for any purpose.

8.   Limited Access to "CONFIDENTIAL" Information. Except for counsel to

the parties to this litigation, counsels' employees, counsels' staff and/or independent contractors or consultants, employees of outside copy services used to make copies of "CONFIDENTIAL" information, couriers, court personnel, the judge, jury, and court reporters, access to "CONFIDENTIAL" information shall be limited to:

    a. Officers, directors, employees or former employees of the parties who are assisting in the preparation of, or making decisions with respect to the conduct of, this litigation;

    b. Experts and consultants who are employed, retained or otherwise consulted by counsel of record for the parties for the purpose of analyzing data, conducting studies or providing opinions to assist in this litigation;

    c. Persons identified on the face of a document as authors or recipients, or persons called to testify as witnesses (either at a deposition, a hearing, or at trial) who are believed to possess information relating to the "CONFIDENTIAL" information that is deemed necessary for the prosecution or defense of this litigation; and

    d. Mediators agreed to by the parties.

9. <u>Access Requirements</u>. Disclosure of "CONFIDENTIAL" information is prohibited except to the extent permitted by this Stipulated Protective Order. Any person given access to "CONFIDENTIAL" information is subject to this Stipulated Protective Order. Each such person shall be advised in advance that such "CONFIDENTIAL" information is being provided subject to the terms of this Stipulated Protective Order.

Each person given access to "CONFIDENTIAL" information pursuant to paragraph 8b, above, must first be shown a copy of this order and shall execute an acknowledgement in writing that he or she has received a copy of this order and is familiar with the provisions of it, and all such persons shall:

    (a) be subject to and bound by the provisions of the Stipulated Protective Order;

    (b) not use such document or information for any purpose other than in

connection with the prosecution or defense of this action;

   (c) not use such document or information for purposes of competing with the party or parties who disclosed the document or information in their business or trade;

   (d) not reveal such document or information to any person other than a person who has received a copy of this order and is subject to its provisions; and

   (e) on termination of his or her connection with this action, return such document or information to the counsel who disclosed it in the first instance.

  10. <u>Filing and Use of CONFIDENTIAL Information in Court</u>.  The parties shall comply with the Local Rules of Civil Procedure 5.6 when filing Confidential Information under seal.  Confidential Information shall not be filed with the Court except when required in connection with matters pending before the Court.  Said Confidential Information shall be kept under seal until further order of the Court; however, Confidential Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

  Nothing in this Order shall be construed as automatically permitting a party to file under seal.  Before any party files any document under seal such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal.  *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006).  Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an un-redacted, sealed version of the same document.  Further, this Stipulation does not require that the trial of the matter shall be conducted under seal.

  11. <u>Use of Independently Obtained Documents or the Party's Own Information</u>.  This Stipulated Protective Order shall not impose any restrictions on the use or disclosure by a party of information or material properly obtained or developed by such party

independently of discovery in this matter, whether or not such information or material is also obtained through discovery in this matter.

Nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by a party of its own "CONFIDENTIAL" information as that party deems appropriate.

12. <u>Inadvertent Failure to Designate</u>. In the event that a party or other person inadvertently fails to designate a document or other material as "CONFIDENTIAL" information, the party to whom the document or other material was produced, upon written notice, will designate and treat such document or other material as "CONFIDENTIAL" information from that point forward. The receiving party's disclosures, prior to the receipt of notice from the producing party of a new designation, of "CONFIDENTIAL" information to unauthorized parties or individuals shall not be deemed a violation of this Stipulated Protective Order.

In addition, the inadvertent failure of a party or other person to designate a document or other material as "CONFIDENTIAL" information shall not constitute, be construed as, or have the effect of, a waiver of confidentiality.

13. <u>Re-Designation of Documents Produced by Non-Parties</u>. If a non-party produces information without any confidentiality designation, a party has the right to change such designation to the extent the non-designated information at issue contains information that the party in good faith deems "CONFIDENTIAL" to that party. Any re-designation by a party will be given full effect of protection under this Stipulated Protective Order. A party shall serve a copy of this Protective Order with a subpoena for documents or deposition testimony that is directed to any non-party to this action.

14. <u>Disclosure of "CONFIDENTIAL" Information in Other Actions</u>. In the event that any recipient of "CONFIDENTIAL" information subject to this Stipulated Protective Order is (a) subpoenaed in another action or (b) served with a demand in another action to which such individual is a party or a witness, seeking "CONFIDENTIAL" information, that person shall object to its production setting forth the existence of this

Stipulated Protective Order and shall give prompt written notice of such event to counsel of record for the marking party. The marking party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand. The person served shall be obligated to cooperate to the extent reasonably necessary to preserve the confidentiality of the protected matter until ruled upon by a court of competent jurisdiction. However, nothing in this Stipulated Protective Order should be construed as requiring the party served to challenge or appeal any order requiring disclosure of "CONFIDENTIAL" information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

15. <u>Non-Waiver of Rights</u>. The parties agree that the filing and entry of this Stipulated Protective Order shall not constitute a waiver of any rights under any applicable law and/or court rules, including, but not limited to, the rights to: (1) object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work product or otherwise; (2) object to the introduction of any "CONFIDENTIAL" information as evidenced at any hearing or trial in this matter; (3) seek other and further protections as to any "CONFIDENTIAL" information that may be offered or admitted as evidence at any hearing or trial in this matter; or (4) file any other motions that may be permitted by any applicable law or court rule. Nothing in this Stipulated Protective Order shall constitute an admission or waiver of any objection, claim or defense by any party.

16. <u>Modifications to Stipulated Protective Order</u>. Any party may, on motion or other request to the Court seek a modification of this Stipulated Protective Order, and by its agreement to this Stipulated Protective Order, no party shall be deemed to have waived the right to seek subsequent modifications.

No modification of this Stipulated Protective Order that adversely affects the protection of any document produced by a non-party to this case should be made without first giving that non-party appropriate notice and an opportunity to be heard by the Court.

17. <u>Binding Order</u>. All parties to this litigation, regardless of when such party is

named or appears, and all persons receiving "CONFIDENTIAL" information produced in this litigation, shall be bound by this Stipulated Protective Order.

18. <u>Dispute Resolution</u>. A party shall not be obligated to challenge the propriety of a "CONFIDENTIALITY" designation at the time made. A failure to do so shall not preclude a subsequent challenge.

In the event of a dispute with respect to the terms of this Stipulated Protective Order, including, but not limited to, the designation of documents or other material as "CONFIDENTIAL" information, the attorneys for the parties shall first consult with each other and attempt to negotiate a resolution of the dispute. If the dispute is not resolved, the parties agree to submit the dispute to the Court by way of written motion (consistent with the Court's discovery dispute resolution procedure), and to be bound by the Court's resolution of the dispute, including any further protective order that the Court may enter, subject to any right of appeal that may exist.

19. <u>Return of CONFIDENTIAL Information</u>. The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this matter. Upon final conclusion of this matter, whether by settlement, dismissal or other disposition, each party shall either (a) return to the producing party, at the producing party's expense, all originals and copies of "CONFIDENTIAL" information (whether originally produced or made after production) produced to that party by the producing party, or (b) destroy all originals and all copies (whether originally produced or made after production) of "CONFIDENTIAL" information in its possession, except as required to maintain a file in compliance with ethical obligations. Outside counsel for the receiving party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts.

Upon request, counsel of record shall deliver written confirmation within 60 days after the final conclusion of this matter indicating that the documents have either been

returned or destroyed.

20. <u>Survival of Litigation</u>.  This Stipulated Protective Order shall survive the termination of this litigation.

Dated this 28th day of May, 2020.

Michael T. Liburdi
United States District Judge